UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOHN DETWEILER,

                Plaintiff,

             – against –

ROBERT BUMP CONSTRUCTION, LLC and
JACOB BUMP,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT**

Case No. _____

Jury Trial Requested

      Plaintiff John Detweiler, by and through his attorneys, Sapir Schragin LLP, for his Complaint against Robert Bump Construction, LLC ("RBC") and Jacob Bump (collectively, referred to herein as "Defendants"), alleges as follows:

<strong><u>PRELIMINARY STATEMENT AS TO NATURE OF ACTION</u></strong>

      1.    Mr. Detweiler, a former Director of Project Management, brings this lawsuit against Defendants for failure to pay him for all overtime hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a), *et seq.,* the New York State Labor Law ("NYSLL"), Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.  Mr. Detweiler also brings claims against Defendants for failure to pay his earned wages (in the form of guaranteed bonuses) in breach of his common law contractual rights and in violation of the NYSLL §193 and §198, and the retaliatory termination of his employment after he complained about not getting paid his bonuses in violation of NYSLL §215.

      2.    Under the NYSLL, RBC and Defendant Bump (who is personally liable as an

employer pursuant to § 190(3) of the NYSLL) are liable to Mr. Detweiler for the unpaid bonuses ($50,000), liquidated damages in an amount equal to 100% of the unpaid bonus (an additional $50,000) for a total of $100,000.00, plus his lost wages due to the termination of his employment, and his attorney's fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Mr. Detweiler's claims are brought pursuant to a federal statute, the FLSA, 29 U.S.C. § 207(a), *et seq*.

4. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367(a) because the New York state law claims arise out of the same facts and circumstances and are so closely related to Mr. Detweiler's federal claims as to form the same case or controversy.

5. Personal jurisdiction over Defendants is proper because Defendant RBC is licensed to do business in New York, and Defendants transacted and regularly conducted business in Dutchess County, engaged in a course of conduct in New York, committed acts within the state which caused injury to Mr. Detweiler in New York, and reasonably should have expected their unlawful acts to have consequences in New York.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendant RBC's principal place of business is in Dutchess County which is within the Southern District of New York; Defendants operate within Dutchess County which is within the Southern District of New York; at all relevant times Plaintiff worked for Defendants in Dutchess County which is within the Southern District of New York; and the unlawful acts occurred within this District.

## **THE PARTIES**

7. Mr. Detweiler resides in Wappingers Falls, in Dutchess County, New York. He was employed by Defendants from June 25, 2020 through August 26, 2022.

8. Throughout his employment, Mr. Detweiler was a non-exempt employee within the meaning of the FLSA and the NYSLL. He was entitled to earned wages and overtime compensation that he did not receive.

9. Defendant RBC is a high-end residential and light commercial builder and construction manager serving clients throughout the Hudson Valley, New York City, Connecticut, the Catskills, and the Hamptons. Its principal place of business is located at 54 Elizabeth Street #8, Red Hook, New York 12571. Mr. Detweiler worked at Defendants' principal place of business in Red Hook, New York.

10. Defendant Jacob Bump is the President of RBC. Mr. Bump has operational control of the business and runs the day-to-day operations of the business. Mr. Bump maintains the authority to hire and fire employees, including Mr. Detweiler, supervise and control employee work schedules and conditions of employment, determine the rate and method of payment to employees, and maintain employee records. Mr. Bump supervised and controlled Mr. Detweiler's work schedules and the conditions of his employment, determined the rate and method of payment of Mr. Detweiler, and maintained employee records concerning Mr. Detweiler.

11. At all relevant times, Defendant RBC engaged in interstate commerce within the meaning of the FLSA.

12. Upon information and belief, the annual amount of business done by Defendant RBC exceeds $500,000.00 during the relevant time period.

13. At all relevant times, Defendants were Mr. Detweiler's employer within the

meaning of the FLSA and the NYSLL.

14. At all relevant times, Mr. Detweiler was engaged in commerce or the production of goods for commerce and subject to individual coverage under the FLSA.

## STATEMENT OF FACTS

**A.  Wage and Hour Violations**

15. Mr. Detweiler was employed by Defendants from June 25, 2020 through August 26, 2022.

16. Despite being given the title of "Director of Project Management," Mr. Detweiler performed no supervisory or managerial duties and did not have independent authority or discretion in the performance of his duties and responsibilities. He did not directly supervise any employees. He did not have authority to hire or fire employees. Every decision he was involved in (design plans, vendor contracts, purchasing supplies) had to be approved by Mr. Bump. Because he was not an exempt employee, Mr. Detweiler is owed overtime at time and one-half his regular rate of pay for hours he worked over 40 in each week.

17. During his employment, Mr. Detweiler kept diligent records of his hours worked. He generally worked between 40-50 hours per week and averaged 47 hours per week. Mr. Detweiler was paid only for 40 hours and is owed time and a half for all hours worked over 40 in a week.

**B.  Failure to Pay Guaranteed Bonuses**

18. Mr. Detweiler accepted an offer of employment as the Director of Project Management with RBC on June 25, 2020. As part of his compensation package, he was offered and accepted a guaranteed $25,000.00 annual bonus. The guaranteed bonus was put into place to offset a lower base salary paid to Mr. Detweiler.

19. Initially, Mr. Detweiler negotiated a base salary $140,000, but RBC reduced it to $130,000 to "balance [Mr. Detweiler's] goals and our comp scales at the present" and to "having some room to grow [Mr. Detweiler's base] over the next few years." To compensate for the lower salary, RBC and Mr. Bump agreed to the guaranteed annual bonus.

20. Mr. Detweiler's first bonus was supposed to be paid out in March 2021. This was confirmed in an email from Amanda Bradway-Nagele, Manager of Operations. Mr. Detweiler, however, was not paid his 2020 guaranteed bonus of $25,000 in March 2021 as promised.

21. Mr. Detweiler understood that the Company was struggling financially (i.e., subcontractors were not getting paid, the Company was bidding on contracts which it did not secure, and clients were not paying because of ongoing accounting issues) so he did not raise the non-payment of his bonus at the time. Nevertheless, Mr. Detweiler did not waive his entitlement to the guaranteed bonus or agree to accept non-payment of the bonus.

22. Mr. Detweiler was supposed to receive another guaranteed bonus in March 2022 in the amount of $25,000.

23. Again, he did not receive the bonus. In July 2022, Ms. Bradway-Nagele notified employees of the Company, including Mr. Detweiler, that the Company was working on "getting payments in for projects" and "doing everything we can to get money in" [so that bonuses could be paid]. Because of the delays in project starts and payments from clients, bonuses were delayed. Rather than delayed, Mr. Detweiler's guaranteed bonuses were never paid.

**C.    Unlawful Retaliation**

24. In response to not getting paid his 2021 guaranteed bonus (the second year in a row he was denied his guaranteed bonus), Mr. Detweiler complained to Mr. Bump about the failure to pay him his guaranteed bonuses for the past two years. Mr. Bump informed Mr. Detweiler that

he would sit down to discuss the unpaid bonuses with him but never did and never paid the bonuses.

25. Mr. Detweiler repeatedly tried to contact Mr. Bump but was unable to get him on the phone or set up a meeting to address his ongoing complaints about not being paid his earned wages in the form of guaranteed bonuses.

26. On August 26, 2022, Mr. Detweiler was finally able to speak with Mr. Bump. Instead of addressing the unpaid bonuses, Mr. Detweiler's employment was terminated without notice and without any legitimate basis to do so.

## FIRST CAUSE OF ACTION
### (Unpaid Overtime Wages Due to Plaintiff Under the FLSA)

27. Mr. Detweiler repeats and realleges the allegations contained in paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. At all relevant times, Mr. Detweiler was an employee and Defendants were employers within the meaning of the FLSA.

29. Mr. Detweiler was a non-exempt employee entitled to overtime wages for all hours worked in excess of 40 in a workweek.

30. The overtime wage provisions of the FLSA apply to Defendants.

31. Mr. Detweiler regularly worked in excess of forty hours per week during his employment with Defendants.

32. Defendants knowingly failed to pay Mr. Detweiler overtime wages at time and a half the regular hourly rate to which he was entitled under the FLSA for all hours he worked in excess of 40 in each work week.

33. Defendants' violations were willful and without good faith or a reasonable basis to believe that the failure to pay overtime wages was lawful.

34. As a result of Defendants' willful violations of the FLSA, Mr. Detweiler has suffered damages by being denied overtime wages.

35. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies to each violation, pursuant to 29 U.S.C. § 255.

36. As a result of Defendants' unlawful acts, Mr. Detweiler has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## **SECOND CAUSE OF ACTION**
### (Breach of Contract)

37. Mr. Detweiler repeats and realleges each allegation contained in paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38. Mr. Detweiler accepted an offer of employment as the Director of Project Management with RBC on June 25, 2020. As part of the agreed terms and conditions of his employment, he was offered and accepted a guaranteed $25,000.00 annual bonus.

39. Mr. Detweiler duly performed all of his material obligations under the terms of his agreement with RBC.

40. Defendant RBC has breached its agreement with Mr. Detweiler by failing to pay him $25,000 annually in guaranteed bonuses for 2020 and 2021 in the total amount of $50,000.

41. Despite Mr. Detweiler's demands that Defendants comply with their obligations under his employment agreement, and pay Mr. Detweiler the guaranteed annual bonuses for 2020 and 2021 in the total amount of $50,000, Defendants have refused to do so and continue to refuse to do so in breach of the Agreement.

42. As a result of Defendant's wrongful breach of the Agreement, Mr. Detweiler

has suffered and will continue to suffer monetary damages.

## THIRD CAUSE OF ACTION
### (Unpaid Overtime Wages Due to Plaintiff Under the NYSLL)

43. Mr. Detweiler repeats and realleges the allegations contained in paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. At all relevant times, Mr. Detweiler was an employee and Defendants were employers within the meaning of the NYSLL.

45. Mr. Detweiler was a non-exempt employee entitled to overtime wages for all hours worked in excess of 40 in a workweek.

46. The overtime wage provisions of the NYSLL apply to Defendants.

47. Mr. Detweiler regularly worked in excess of forty hours per week during his employment with Defendants.

48. Defendants knowingly failed to pay Mr. Detweiler overtime wages at time and a half the regular hourly rate to which he was entitled under the NYSLL for all hours he worked in excess of 40 in each workweek.

49. Defendants' violations were willful and without good faith or a reasonable basis to believe that the failure to pay overtime wages was lawful.

50. As a result of Defendants' willful violations of the NYSLL, Mr. Detweiler has suffered damages by being denied overtime wages.

51. As a result of Defendants' unlawful acts, Mr. Detweiler has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, interest, and his attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### (Unpaid Wages and Unlawful Deductions Under the NYSLL)

52. Mr. Detweiler repeats and realleges each allegation contained in paragraphs 1

through 51 of the Complaint as if fully set forth herein.

53. At all relevant times, Mr. Detweiler was an employee and Defendants were employers within the meaning of the NYSLL.

54. The failure to pay earned wages and unlawful deductions provisions of Article 19 of the NYSLL and the supporting regulations apply to Defendants.

55. Mr. Detweiler accepted an offer of employment as the Director of Project Management with RBC on June 25, 2020. As part of his compensation package, he was offered and accepted a guaranteed $25,000.00 annual bonus. The bonus was not discretionary.

56. The guaranteed bonuses were not discretionary and therefore are considered "wages" within the meaning of Labor Law § 190 (1).

57. Defendants knowingly failed to pay Mr. Detweiler his earned wages (the $50,000 in guaranteed annual bonuses which were wrongfully withheld) in violation of Sections 191, 193 and 198 of the NYSLL.

58. Defendants' conduct, as described herein, constitutes a willful violation of the NYSLL without a good faith or reasonable basis to believe that the failure to pay wages was lawful.

59. Due to Defendants' willful violations of the NYSLL, Mr. Detweiler is entitled to recover his unpaid wages, liquidated damages, reasonable attorneys' fees and costs, and interest.

**FIFTH CAUSE OF ACTION**
**(Retaliation Against Plaintiff Under the NYSLL)**

60. Mr. Detweiler repeats and realleges each allegation contained in paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61. Mr. Detweiler complained on numerous occasions that he was not paid his earned wages as required under the law.

62. In retaliation for his complaints, Defendants terminated his employment on August 26, 2022, in violation of the NYSLL § 215.

63. As a result of Defendants' retaliation, Mr. Detweiler is entitled to recover back pay, liquidated damages, attorney's fees and costs, and interest, and other legal and equitable relief as this Court deems just and proper.

**WHEREFORE**, Mr. Detweiler prays for the following relief:

A. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, the NYSLL and the supporting New York State Department of Labor regulations;

B. Issuance of an injunction requiring Defendants to pay all statutorily required wages;

C. An award of all unpaid overtime amounts and an equal amount as liquidated damages pursuant to the FLSA and NYSLL;

D. An award of back pay, front pay, reinstatement, punitive damages, interest, attorneys' fees and costs on his retaliation claims pursuant to the FLSA and NYSLL;

E. An award of pre- and post-judgment interest to Mr. Detweiler;

F. An award of Mr. Detweiler's reasonable attorneys' fees and costs incurred in this action; and

G. An award of such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues in this action properly triable before a jury.

Dated: White Plains, New York
February 6, 2023

                                                                         **SAPIR SCHRAGIN LLP**

By: _____
Howard Schragin, Esq.
399 Knollwood Road, Suite 310
White Plains, New York 10603
(914) 328-0366
(914) 682-9128 (fax)
E-Mail: hschragin@sapirschragin.com
*Attorneys for Plaintiff*