USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/07/2024

# FAIR LABOR STANDARDS ACT SETTLEMENT AND RELEASE AGREEMENT

This Fair Labor Standards Act ("FLSA") Settlement and Release Agreement (the "Agreement") is made by and between Robert Bump Construction, LLC ("RBC") and Jacob Bump ("Bump") (collectively "Defendants") and Plaintiff John Detweiler ("Plaintiff"). Plaintiff and Defendants are collectively referred to as "the Parties."

## RECITALS

The following recital paragraphs are incorporated into and form a part of this Settlement Agreement:

WHEREAS, a dispute exists between Plaintiff and Defendants that resulted in Plaintiff's filing of a lawsuit in the United States District Court for the Southern District of New York (the "Court") titled *John Detweiler v. Robert Bump Construction, LLC and Jacob Bump*, Case No. 7:23-cv-00975, in which Plaintiff asserted, *inter alia*, that Defendant failed to pay Plaintiff unpaid overtime wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA").

WHEREAS, Defendants deny all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiff's claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing of any Party, to effectuate a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Defendants, known or unknown, asserted or unasserted, at any time through the date of his execution of the Agreement.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1.  **Dismissal of the Lawsuit.** In exchange for the consideration described herein, the Parties agree to seek dismissal of the Lawsuit as against Defendants with prejudice. Plaintiff authorizes his counsel to execute the Stipulation and Order of Dismissal with Prejudice, attached as **Exhibit A**, and to submit any papers to the Court that are necessary to effectuate the dismissal of the Lawsuit as against all Defendants and/or the full release of claims, and enforcement of the Agreement.

This Agreement is contingent on the Court approving the settlement of Plaintiff's FLSA claims and dismissing the Lawsuit with prejudice as against Defendants. In the event that the Court for any reason declines or fails to dismiss the Lawsuit with prejudice as contemplated by this Agreement, this Agreement shall be voidable at Defendants' option. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement; the Parties shall proceed in all respects as though the Agreement had

not been executed; nothing contained in this Agreement shall be used as an admission against either Party; and no Party to this Agreement shall be deemed to have waived or relinquished any rights, privileges, claims, or defenses by having entered into this Agreement. Notwithstanding the foregoing, the Parties may agree in a separate writing to modify or alter this Agreement in order to obtain Court approval and dismissal of the Lawsuit with prejudice.

2. **Release of FLSA Claims.** In exchange for the consideration described in Paragraph 4 of this Agreement, Plaintiff, for himself and his respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Releasors") irrevocably and unconditionally waives, releases, and forever discharges Defendants and their predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, chapters, insurers, reinsurers and parents, and, collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and trustees (collectively, the "Released Parties"), from any and all claims under the FLSA each Releasor may have against any of the Released Parties up to and including the effective date of this Agreement, whether known or unknown, along with any claims derivative of such claims including for contributions to pension, welfare and stock plans or related to taxes, unpaid costs, penalties (such as late payment penalties), liquidated damages, punitive damages, compensatory damages, interest, attorneys' fees, litigation costs, or restitution.

3. **No Admission of Liability.** This Agreement is entered into in compromise of all disputed claims in this matter. The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration described herein are not, and shall not, be construed in any way as an admission of wrongdoing or liability on the part of Defendants. Plaintiff further acknowledges that Defendants deny all allegations of wrongdoing. The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

4. **Consideration.** In exchange for the promises made by, and in consideration for, all the terms agreed to by Plaintiff in this Agreement, RBC, on behalf of Defendants, agrees to pay Plaintiff the amounts listed in paragraph 4 totaling THREE THOUSAND Dollars ($3,000.00) ("Settlement Sum") within thirty (30) days after the Court approves this Agreement and dismisses the Action with prejudice against Defendants by so ordering the stipulation attached as "Exhibit A," and Plaintiff completes, executes, and submits IRS Form W-9 to counsel for Defendants. Payment of the Settlement Sum shall be deemed and operate as full satisfaction of all FLSA claims Plaintiff may have, including clasim for wages and/or liquidated damages. Payment shall be paid as follows:

**(a)** RBC will issue one check made payable to "John Detweiler" in the amount of three thousand dollars and no cents ($3,000.00) for which an IRS Form 1099-MISC (Box 10), will be issued to Plaintiff with respect to this amount.

Plaintiff's counsel's provision of an appropriately completed IRS Form W-9 from Plaintiff shall be a condition precedent to such payments.

All payments contemplated by this Paragraph 4 shall be delivered by overnight delivery to Sapir Schragin PLLC at 399 Knollwood Road, Suite 310, White Plains, New York 10603.

Plaintiff agrees to indemnify and hold Defendants and their counsel harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of Plaintiff's failure to pay taxes for which that individual is responsible. Defendants do not make any warranty or representation to Plaintiff regarding the tax consequences of any payments.

**5.      Other Acknowledgements and Affirmations.**

(a) Plaintiff agrees and affirms that he is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; that the Agreement is fair and reasonable; that he has consulted with Sapir Schragin PLLC prior to signing this Agreement; that he has been given up to 21 days to consider this Agreement; and that, absent this Agreement, he would not otherwise be entitled to the consideration specified in Paragraph 4 of this Agreement;

(b) Plaintiff affirms that Plaintiff has not filed or caused to be filed, and is not presently a party to, any claim against Defendants except for the claims in the Lawsuit (which he agrees to the dismissal of with prejudice);

(c) Plaintiff affirms that he has been paid and/or has received all compensation, wages, bonuses, commissions and/or benefits to which Plaintiff may be entitled;

(d) The Parties acknowledge that this Agreement does not limit Plaintiff's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative wage and hour claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

**6.      Miscellaneous.**

   **(a)     No Waiver by Inaction.** The failure of any Party to insist upon strict adherence to any term of this Agreement shall not be considered a waiver as to that term or any other term in the Agreement.

   **(b)     Continuing Jurisdiction.** Nothing in this Agreement is intended to limit the Court's authority to retain continuing jurisdiction over the Parties to administer and enforce the terms of this Agreement.

   **(c)     Construction.** The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, any rule of construction that any ambiguity or uncertainty in a writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

**(d)** **Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of New York regardless of whether any party is, or may hereafter be, a resident of another state.

**(e)** **Extension of Time.** The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement.

**(f)** **Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the Parties to all of the counterparts had signed the same instrument. This Agreement may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (e.g., via DocuSign), and may be delivered by electronic means. E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

**(g)** **Modifications.** With the exception of extensions of time as described in Subsection (e) of this Paragraph 6, no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by the person or entity against whom enforcement is sought.

**(h)** **Severability.** The Parties agree that if any phrase, clause, or provision of this Agreement, other than Paragraph 2, is declared illegal, invalid, or unenforceable by a court of competent jurisdiction after this Agreement takes effect, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision of this Agreement, other than Paragraph 2, is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction after this Agreement takes effect, it shall not be stricken in its entirety and held totally void and unenforceable but shall remain effective to the maximum extent permissible within reasonable bounds. If the release set forth in Paragraph 2 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part after this Agreement takes effect, then this Agreement shall be voidable in its entirety at Defendants' option, in which case Plaintiff shall return the consideration received.

**[SIGNATURE PAGES FOLLOW]**

**(d)** **Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of New York regardless of whether any party is, or may hereafter be, a resident of another state.

**(e)** **Extension of Time.** The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement.

**(f)** **Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the Parties to all of the counterparts had signed the same instrument. This Agreement may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (e.g., via DocuSign), and may be delivered by electronic means. E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

**(g)** **Modifications.** With the exception of extensions of time as described in Subsection (e) of this Paragraph 6, no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by the person or entity against whom enforcement is sought.

**(h)** **Severability.** The Parties agree that if any phrase, clause, or provision of this Agreement, other than Paragraph 2, is declared illegal, invalid, or unenforceable by a court of competent jurisdiction after this Agreement takes effect, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision of this Agreement, other than Paragraph 2, is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction after this Agreement takes effect, it shall not be stricken in its entirety and held totally void and unenforceable but shall remain effective to the maximum extent permissible within reasonable bounds. If the release set forth in Paragraph 2 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part after this Agreement takes effect, then this Agreement shall be voidable in its entirety at Defendants' option, in which case Plaintiff shall return the consideration received.

_____
Signed by: John Detweiler

Dated:_____

_____
Signed by: _____
Title: Principal
*Robert Bump Construction*
Dated: 5/29/2024

_____
Signed by: John Detweiler

Dated: ___6/3/24_____

_____
Signed by: _____
Title: _____
*Robert Bump Construction*
Dated: _____

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

Dated: June 7, 2024
       White Plains, NY

FLSA Settlement and Release Agreement, Page 5

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

JOHN DETWEILER,

                              Plaintiff,

        -against-                                    Civ. No.: 7:23-cv-00975(NSR)

ROBERT BUMP CONSTRUCTION, LLC and
JACOB BUMP,

                              Defendants.

-------------------------------------------------------------------------X

**STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE**

        IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff JOHN DETWEILER ("Plaintiff") and Defendants ROBERT BUMP CONSTRUCTION, LLC and JACOB BUMP (collectively "Defendants") that the parties' SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") having been found to constitute a fair and reasonable compromise of a *bona fide* dispute, this action is dismissed, with prejudice, in its entirety and with no award of attorneys' fees, costs or disbursements to Plaintiff or Defendants by the Court. Pursuant to the terms of the Agreement, the Court retains jurisdiction over disputes between the parties for purposes of enforcement of the settlement.

[INTENTIONALLY LEFT BLANK – SIGNATURES ON FOLLOWING PAGE]

| | |
|---|---|
| SAPIR SCHRAGIN PLLC | JACKSON LEWIS P.C. |
| _____ | _/s/ Jeffrey W. Brecher____ |
| Howard Schragin, Esq. | Jeffrey W. Brecher, Esq. |
| 399 Knollwood Road, Suite 310 | 58 South Service Road, Ste. 250 |
| White Plains, New York 10603 | Melville, New York 11747 |
| Tel: (914) 328-0366 | Tel: (631) 247-0404 |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

Dated: __June 6__, 2024                    Dated: __June 6__, 2024

SO ORDERED THIS ____ DAY OF_____, 2024.

_____
United States District Judge

FLSA Settlement and Release Agreement, Page 8